IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD MCGEE and ROSETTA MCGEE, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | |
| CTX MORTGAGE COMPANY, LLC; CITIMORTGAGE, INC.; BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, | § § § § § § § § | No. 3:15-cv-1746-L |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiffs Harold and Rosetta McGee ("Plaintiffs"), appearing *pro se*, have filed an Objection to Notice of Removal ("Motion to Remand"). *See* Dkt. No. 14. United States District Judge Sam A. Lindsay referred this Motion to Remand to the undersigned United States magistrate judge. *See* Dkt. No. 15.

Defendants CitiMortgage, Inc. ("CMI"), Government National Mortgage Association ("GNMA"), and CTX Mortgage Company, LLC ("CTX") have responded to the Motion to Remand. Dkt. Nos. 17 & 19. Plaintiffs have not filed a reply to the responses, and their time to do so has now lapsed. *See* N.D. Tex. Civ. L. R. 7.1(f). And, as ordered by the Court, on August 19, 2015, CMI and GNMA amended their Notice

of Removal to cure deficient jurisdictional allegations that the Court identified. *See* Dkt. No. 21.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that Defendant Barrett, Daffin, Frappier, Turner & Engel, LLP ("Barrett Daffin") be dismissed from this action with prejudice as improperly joined, that Plaintiffs' Motion to Remand [Dkt. No. 14] be denied, and that Barrett Daffin's Motion to Dismiss [Dkt. No. 8] be terminated as moot.

## Background

Plaintiffs allege that, on or about January 1, 2006, they executed a promissory note ("Note") in favor of CTX in the amount of $174,377.00. *See* Dkt. No. 21-4 at 3. The Note was secured, through a deed of trust ("Deed of Trust"), with property located in Mesquite, Texas (the "Property"). *See id.* at 3-4. Shortly thereafter, CTX sold the Note to multiple classes of GNMA REMIC Trust 2006-038 and assigned the Note to CMI. *See id.* at 4-5.

On or about April 7, 2015, CMI initiated foreclosure proceedings against the Property with the assistance of its foreclosure counsel, Barrett Daffin. *See id.* at 6, 28.

On May 4, 2015, Plaintiffs, who are Texas citizens, filed their Original Petition for Declaratory Judgment ("Petition") in the 160th Judicial District Court of Dallas County, Texas against Defendants CTX, CMI, GNMA, and Barrett Daffin (collectively, "Defendants"). *See* Dkt. No. 21-4 at 2-3. In their Petition, Plaintiffs allege irregularities in the transfer and assignment of the Note from CTX to GNMA and CMI. *See id.* at 4-6. Based on these irregularities, Plaintiffs assert various causes of action against CTX

and CMI. *See id.* at 7-9. Plaintiffs also request declaratory relief, including a declaration that Plaintiffs are the owners of the Property. *See id.* at 9-10.

CMI and GNMA removed this case to this Court on the basis of diversity jurisdiction on May 20, 2015. *See* Dkt Nos. 1 & 21. CMI is a citizen of New York and Missouri. *See* Dkt. No. 21 at ¶ 12. GNMA is a citizen of the District of Columbia. *See id.* at ¶ 13. And, based on the amended jurisdictional allegations, CTX is a Delaware limited liability company and a Michigan citizen. *See id.* ¶ 14.

CTX consented to removal on June 11, 2015. *See* Dkt. No. 13. CMI and GNMA submitted evidence showing that the fair market value of the Property is $179,050.00. *See* Dkt. No. 21-9. CMI and GNMA also claim that removal was timely under 28 U.S.C. § 1446(b) because proper service never occurred. *See* Dkt. No. 21 at ¶ 3. Finally, CMI and GNMA assert that Barrett Daffin is improperly joined and, therefore, cannot defeat diversity jurisdiction. *See id.* at ¶ 4.

Plaintiffs filed their Motion to Remand on June 22, 2015. *See* Dkt. No. 14. Plaintiffs contend that this matter should be remanded back to state court because the amount in controversy does not exceed $75,000.00 as required by 28 U.S.C. § 1332(a)(1); the instant case does not involve a question of federal law as required by 28 U.S.C. § 1331; and the prior exclusive jurisdiction doctrine bars a federal court from assuming jurisdiction over the matter. *See id.* at 2. Plaintiffs also argue that Defendants lack the standing necessary to file a Notice of Removal. *See id.*

## Legal Standards

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*."). A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed In federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001).

28 U.S.C. § 1332 creates federal subject matter jurisdiction in instances wherein diversity of citizenship exists between the parties, each plaintiff's citizenship is diverse from each defendant's citizenship, and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332(a), (b). Diversity jurisdiction requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other

side." *Harvey v. Grey Wolf Drilling Co,* 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.,* 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Individuals are citizens of the states in which they are domiciled, as "for purposes of federal diversity jurisdiction, 'citizenship' and 'domicile' are synonymous." *Hendry v. Masonite Corp,* 455 F.2d 955, 955 (5th Cir. 1972). Corporations are citizens of the states in which they have been incorporated and the states in which they have their principal places of business. 28 U.S.C § 1332(c)(1). The citizenship of a limited liability company (LLC) is determined by the citizenship of all its members. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.,* 757 F.3d 481, 483 (5th Cir. 2014); *Harvey,* 542 F. 3d at 1080.

## Analysis

The removal of the instant case to federal court is proper, pursuant to 28 U.S.C. § 1332, because all properly-joined defendants are diverse from Plaintiffs and the amount in controversy exceeds $75,000.00.

<u>Improperly Joined Party</u>

In their amended Notice of Removal, CMI and GNMA contend that they and CTX are not citizens of Texas. Dkt. No. 21 at ¶ 12-14. And CMI and GNMA allege that non-diverse defendant, Barrett Daffin, is improperly joined. *See id.* at 16. Plaintiffs do not directly contest this claim and concede that diversity of citizenship exists in this case. *See* Dkt. No. 14 at 4. But agreement among the parties does not relieve the Court of the need to analyze diversity. *See Howery v. Allstate Ins. Co.,* 243 F.3d 912, 919 (5th Cir. 2001) ("Subject matter jurisdiction cannot be created by waiver or consent.").

-5-

Further, whether a party is improperly joined is a question of law. *See Kling Realty Co., Inc. v. Chevron USA, Inc.,* 575 F.3d 510, 513 (5th Cir. 2009).

"When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "In every case where a diverse defendant proves that the plaintiff's decision to join an in-state party is improper, the diverse defendant gains access to the federal courts. If, however, the foreign defendant fails to prove the joinder improper, then diversity is not complete, the diverse defendant is not entitled to remove, and remand is mandated." *Id.* at 575. A defendant alleging that a non-diverse defendant is improperly joined has the heavy burden of "demonstrating either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir. 2006) (quoting *Travis v. Irby,* 326 F.3d 644, 646-47 (5th Cir. 2003)).

Thus, where there is no dispute or allegation of actual fraud concerning the fact that both plaintiff and a defendant are citizens of the same state, the sole concern is whether, as a matter of law, Plaintiff can establish a valid state-law cause of action against the non-diverse defendant. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Under this second prong of the improper-joinder test, the standard is

-6-

"whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [a non-diverse] defendant." *Smallwood*, 385 F.3d at 573. "A mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder." *Id.* at 573 n.9 (internal quotation marks omitted).

In making the improper-joinder determination, the Court will "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff" and "then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 260 n.8, 264 (5th Cir. 1995) (quoting *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205–06 (5th Cir. 1983)). The Texas "fair notice" pleading standard should be applied in determining whether a non-diverse defendant has been improperly joined. *See Durable Specialities, Inc. v. Liberty Ins. Corp.*, No. 3:11-cv-739-L, 2011 WL 6937377, at *5 (N.D. Tex. Dec. 30, 2011).

There is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Barrett Daffin in the state court. In fact, Plaintiffs do not allege any specific wrongdoing on the part of Barrett Daffin. *See* Dkt. No. 21-4. Even if they had, Barrett Daffin has immunity as CMI's foreclosure counsel. "In Texas, a law firm has immunity for its acts as foreclosure counsel." *Bent v. U.S. Bank, Nat. Ass'n*, No. 3:15-cv-340-N, 2015 WL 1909892, at *3 (N.D. Tex. Apr. 27, 2015) (citing *Rojas v. Wells*

*Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014))(internal quotations omitted). Therefore, Barrett Daffin is not properly joined in this case.

Because it was improperly joined, Barrett Daffin did not need to consent to removal. Generally, removal is only possible in cases with multiple defendants if all defendants consent to the action. 28 U.S.C. § 1446(b)(2). But the consent of defendants who are improperly joined is not required. *See Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991). Hence, the Barrett Daffin's consent was not necessary for removal to take place. Moreover, because there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Barrett Daffin in the state court, Barrett Daffin should be dismissed from this case with prejudice. *See Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 588 (S.D. Tex. 2012) (where non-diverse party found to be improperly joined is dismissed); *Adams v. Chase Bank*, No. 3:11-cv-3085-M, 2012 WL 2122175, at *3 (N.D. Tex. May 11, 2012), *rec. adopted*, 2012 WL 2130907 (N.D. Tex. June 12, 2012) (same). With the dismissal of Barrett Daffin, complete diversity of citizenship exists among parties.

Amount in Controversy

With complete diversity, the Court has subject matter jurisdiction under Section 1332(A) because the value of the Property exceeds $75,000.00. The amount in controversy is the "value of the object of the litigation." *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir. 1983). The court looks "only to the face of the complaint" and asks "whether the amount in controversy exceeds the jurisdictional limit." *Ervin v. Sprint*

*Commc'ns Co. LP,* 364 F. App'x 114, 117 (5th Cir. 2010) (quoting *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir. 1996)); *see also Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir. 1995). Only if the amount in controversy is not readily apparent from the petition may the court consider other evidence to determine the amount in controversy at the time of removal. *See S.W.S. Erectors, Inc.* 72 F.3d at 492. If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This requirement can be satisfied if the defendant shows that "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Once a defendant has met this burden, remand is possible only if "the plaintiff[s] ... [are] able to show that, as a matter of law, it is certain that [the plaintiffs] will not be able to recover more than the damages for which [they have] prayed in the state court complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995).

Plaintiffs seek a declaration that they own the Property. *See* Dkt. No. 14 at 10. Plaintiffs argue that "there is no dollar amount at stake when ownership and/or possession of a person's property ... is at issue." *See id.* at 2. But that is not so – when a party seeks declaratory relief relating to rightful ownership of property, the value of

that property represents the amount in controversy for purposes of diversity jurisdiction. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).

Defendants have provided documentation from the Dallas Central Appraisal District that values the Property at $179,050.00. *See* Dkt. No. 21-9 at 2. And Plaintiffs do not contend that this valuation is defective in any way. *See* Dkt. No. 14.

Accordingly, the undersigned concludes that the amount in controversy in this case exceeds $75,000.00 and that this case is properly subject to the Court's diversity jurisdiction.

<u>Federal Question Jurisdiction</u>

Plaintiffs challenge removal because there is no federal question in this case. *See* Dkt. No. 14 at 5. But the removal of this case was appropriate because diversity jurisdiction exists, and federal question jurisdiction under 28 U.S.C. § 1331 is therefore unnecessary. A federal court's subject matter jurisdiction is disjunctive: the presence of either federal question jurisdiction or diversity jurisdiction suffices to justify removal to federal court at Defendants' request. *See, e.g.*, *Rojas*, 571 F. App'x at 277 ("Because the suit does not involve a federal question, the claim can only be removed to federal court if the matter exceeds $75,000.00, the parties are diverse, and none of the 'properly joined ... defendants is a citizen of the State in which such action is brought.'"). Because diversity jurisdiction exists, this case need not involve a federal question.

Standing

Contrary to Plaintiffs' argument, Defendants have standing to remove this case to federal court. The standing to request removal is conferred by the fact that Plaintiffs have initiated a lawsuit in state court against Defendants. *See* 28 U.S.C. § 1441. The justification for Plaintiffs' standing argument is unclear. If Plaintiffs suggest that standing to remove is tied to standing to foreclose, this argument fails because it plainly misstates the law. *See id.* Further, any contention that CMI and GNMA lack standing to remove because their co-defendant Barrett Daffin did not consent to removal fails because Barrett Daffin is improperly joined, as discussed above.

Prior Exclusive Jurisdiction Doctrine

Also contrary to Plaintiffs' assertions, the prior exclusive jurisdiction doctrine also does not bar removal. The prior exclusive jurisdiction doctrine applies when cases in federal and state courts exist simultaneously and both exert jurisdiction over the same *res*. *See Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 366 (5th Cir. 2014). When a case is removed, however, as it is here, the state court's jurisdiction over the property terminates, and the federal court's jurisdiction begins. *See* 28 U.S.C. § 1446(d) ("after the filing of [a] notice of removal . . . the State court shall proceed no further unless and until the case is remanded."). Hence, the prior exclusive jurisdiction doctrine is not applicable to this case.

## Recommendation

The undersigned recommends that the Court dismiss Defendant Barrett Daffin as improperly joined. Barrett Daffin's Motion to Dismiss [Dkt. No. 8] should also be

terminated as moot. The undersigned concludes that the removal of this action was proper because there is complete diversity between the properly-joined parties and the amount in controversy exceeds $75,000.00. Accordingly, the Court should deny Plaintiffs' Motion to Remand [Dkt. No. 14] and permit this action to proceed in federal court.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b) (2015). In order to be sufficiently specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 24, 2015

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE