IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD AND ROSETTA MCGEE, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:15-cv-1746-L | |
| § | | |
| CTX MORTGAGE COMPANY, LLC; § | | |
| CITIMORTGAGE, INC.; § | | |
| BARRETT, DAFFIN, FRAPPIER, § | | |
| TURNER & ENGEL, LLP; § | | |
| GOVERNMENT NATIONAL § | | |
| MORTGAGE ASSOCIATION, § | | |
| § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendants CitiMortgage, Inc. ("CMI"), Government National Mortgage Association ("GNMA"), and CTX Mortgage Company LLC ("CTX"; collectively, ("Defendants") filed Motions to Dismiss Plaintiffs' Complaint for Failure to State a Claim (collectively, "Motions"). *See* Dkt. Nos. 5 & 9. United States District Judge Sam A. Lindsay referred these Motions to the undersigned magistrate judge. *See* Dkt. No 15. Plaintiffs responded to the Motions, *see* Dkt. No. 16, and CMI and GNMA replied, *see* Dkt. No. 18. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Defendants' Motions should be granted.

**Background**

Plaintiffs allege that, in January 2006, they executed a promissory note ("Note") in favor of CTX in the amount of $174,377.00. *See* Dkt. No. 21-4 at ¶ 14. The Note was

secured, through a deed of trust ("Deed of Trust"), with property located at 1028 Cavern Drive, Mesquite, Texas 75181 ("Property"). *See id.* at ¶ 12. Plaintiffs allege that CTX assigned the Note to CMI on January 12, 2006 ("2006 Assignment"). *See id.* at ¶ 31. Plaintiffs also claim that CTX subsequently sold the Note to GNMA on or about March 2006. *See id.* at ¶ 18. CMI initiated foreclosure proceedings against the Property on or around April 7, 2015. *See id.* at ¶ 37.

In response to the foreclosure, Plaintiffs filed their Original Petition ("Petition"). Plaintiffs assert a breach of contract claim against CTX, alleging that it failed to release the security interest on the Property in 2006 – the year that it sold the Note to GNMA. *See id.* at ¶ 46. Plaintiffs also assert claims for slander of title and void assignment against CTX and CMI, alleging that the 2006 Assignment was fraudulent because the Note was separated from the Deed of Trust. *See id.* at ¶¶ 45-46, 50-52. Plaintiffs assert a fraud claim against CTX and CMI because they "knew or should have known that the [2006 Assignment] contained fraudulent statements." *Id.* at ¶ 53. Plaintiffs do not assert any claim against GNMA. Plaintiffs also request declaratory relief and punitive money damages. *See id.* at ¶¶ 58-61 & Prayer.

Defendants move to dismiss Plaintiffs' Petition because their slander of title, breach of contract, and fraud claims are time-barred and because Plaintiffs lack standing to challenge the assignment of the Note. *See* Dkt. No. 5 at 18-21, 23; Dkt. No. 9 at 11-15. CMI and GNMA also contend that Plaintiff Harold McGee is judicially estopped from pursuing this action because he failed to disclose it during his bankruptcy proceedings. *See* Dkt. No. 5 at 12.

In their Response, Plaintiffs abandon their slander of title claim but ask to amend their Petition to include a trespass to try title or suit to quiet title action. *See* Dkt. No. 16 at ¶¶ 24-32.

The undersigned recommends that the Motions be granted and Plaintiffs' claims against CMI, GNMA, and CTX be dismissed with prejudice.

**Legal Standards**

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). "The court does not evaluate the plaintiffs' likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim." *Hicks v. Green Tree Servicing*, LLC, 3:13-cv-3025-L, 2014 WL 961856, at *2 (N.D. Tex. Mar. 12, 2014) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

To state a claim on which relief may be granted, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011) (quoting *Iqbal*, 556 U.S. at 679).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). But "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Because Plaintiffs are proceeding *pro se*, their Petition will be construed with all possible deference. *See Muthukumar v. Univ. of Tex. at Dallas,* No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *see Jackson v. Roche,* Nos. 7:04-cv-133-O & 7:02-cv-111-R, 2008 WL 2579677, at *4 (N.D. Tex. June 27, 2008) ("Because Plaintiff filed his complaint as a *pro se* litigant, this Court is obligated to construe the complaint liberally." (citations omitted)). But "such a liberal construction does not require that the Court or a defendant create causes of action where there are none." *Smith v. CVS Caremark Corp.,* No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). A court need not "conjure up unpled allegations or construe elaborately arcane scripts" to save

a *pro se* complaint. *Govea v. ATF,* 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam) (internal quotation marks omitted).

## Analysis

The undersigned concludes that Plaintiffs' Petition should be dismissed with prejudice and without leave to amend.

As an initial matter, GNMA should be dismissed from this litigation because Plaintiffs have not asserted any claim against it. *See* Dkt. No. 21-4.

<u>Slander of Title, Breach of Contract, and Fraud Claims</u>

Plaintiffs' slander of title, breach of contract, and fraud claims should be dismissed because they are time-barred. "A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute." *Askew v. Lancaster Indep. Sch. Dist. Bd. of Trustees*, No. , 2015 WL 5311169, at *3 (N.D. Tex. Sept. 11, 2015) (citing *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

Plaintiffs have abandoned their slander of title claim. *See* Dkt. No. 16 at ¶ 24 ("Plaintiff's agree that the Slander of Title claim does not make a valid claim.").

But, even if it were not abandoned, Plaintiffs' slander of title claim fails because it is barred by the statute of limitations, like their breach of contract and fraud claims. Plaintiffs base these claims on the alleged assignment and sale of the Note that occurred in 2006. *See* Dkt. No. 21-4 at 7-8. The statute of limitations for a slander of title cause of action is one year. *See* TEX. CIV. PRAC. & REM. CODE § 16.002. In Texas,

contract and fraud claims are subject to a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a). Therefore, Plaintiffs' slander of title, breach of contract, and fraud claims are barred, on the face of their Petition, because this action was not initiated until more than nine years after the assignment and subsequent sale of the Note, and Plaintiffs' pleading fail to set forth or raise some basis for tolling the statute.

<u>Void Assignment of Interest and Assignment of the Note</u>

Plaintiffs' void assignment claim also fails as a matter of law. Plaintiffs base this claim on the allegation that the 2006 Assignment between CTX and CMI was fraudulent and therefore void. *See* Dkt. No. 21-4 at ¶ 50. Plaintiffs do not have standing to challenge the assignment between CTX and CMI because they are not a party to the assignment.

Generally, a "plaintiff ... must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Munoz v. HSBC Bank USA, N.A.,* CIV.A. H-12-0894, 2013 WL 265982, at *6 (S.D. Tex. Jan. 22, 2013) ("In Texas, mortgage borrowers have no standing to contest an assignment from lender to lender because the borrower is not a party to those agreements."). Texas case law includes an exception to this rule for mortgagors who challenge an assignment on grounds that would render it *void ab initio*. *See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). There is no exception for challenges that would render an assignment voidable at the election of one of the parties. *See id.*

Here, Plaintiffs allege that the 2006 Assignment was objectionable because it was fraudulent. Dkt. No. 21-4 at 8. And "[d]eeds procured by fraud are voidable only, not void, at the election of the grantor." *Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976). Therefore, Plaintiffs do not have standing to challenge the allegedly voidable 2006 Assignment.

Even if Plaintiffs had standing to challenge the 2006 Assignment, they have not alleged a legally viable objection to this assignment. Plaintiffs allege that, because the Note was previously sold to GNMA, it was spilt from the Deed of Trust at the time of the 2006 Assignment. *See* Dkt. No. 21-4 at ¶ 51. But, accepting Plaintiffs' allegations as true, this is factually implausible because the 2006 Assignment preceded the GNMA sale – by almost two months. *See id.* at ¶ 18, 31. Therefore, the GNMA sale could not have split the Note at the time of the 2006 Assignment.

Even if Plaintiffs' "split-the-note" argument was factually plausible, it still would not present a viable basis for their void assignment claim because the Fifth Circuit routinely rejects this argument. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ( "It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable...."). And any allegations based on a failure to record the assignment fail as a matter of law because Texas Government Code § 192.007 "imposes no duty to record." *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015).

Plaintiffs do not have standing to bring a claim for void assignment and have not otherwise presented a viable theory for this claim. Their void assignment claim should be dismissed with prejudice.

Declaratory Relief

Plaintiffs' request for declaratory relief should be dismissed because it cannot survive without an underlying cause of action. "[T]he Declaratory Judgment Act is procedural and does not create an independent private right of action." *Id*. at 553; *see Okpalobi v. Foster*, 244 F.3d 405, 424 n. 31 (5th Cir. 2001). Because Plaintiffs' underlying claims for slander of title, breach of contract, fraud, and void assignment should be dismissed, Plaintiffs' request for declaratory relief should be dismissed as well.

Plaintiffs' Proposed Amendment is Futile

The Court should also deny Plaintiffs' request to amend their Petition because their proposed claims are time-barred and otherwise lack legal merit. Further, Plaintiff Harold McGee is judicially estopped from asserting the proposed amended claims against Defendants.

After abandoning their slander of title claim, Plaintiffs appear to request that the Court allow them to amend their Petition to include a trespass to try title claim or a suit to quiet title action instead. *See* Dkt. No. 16 at ¶¶ 25, 31. But the Court "need not permit futile amendments." *LaCroix v. Marshall County, Miss.,* 409 F. App'x 794, 802 (5th Cir.2011). The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief

could be granted." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 873 (5th Cir. 2000). To determine futility the Court applies a Rule 12(b)(6) standard of legal sufficiency. *See id.*

Plaintiff's trespass to try title and suit to quiet title claims are barred by limitations. Plaintiffs appear to assert these claims on the same basis as their abandoned slander of title action. *See* Dkt. No. 16 at ¶ 27 ("Plaintiff [sic] requests that the Court consider the Plaintiff's [sic] Slander of Title Claim as a Claim to Try Title"). Though the Plaintiffs refer to a "claim to try title," there is no such claim under Texas law, so the undersigned assumes that Plaintiffs are referring to a trespass to try title or suit to quiet title action. Plaintiffs based their slander of title action on the 2006 Assignment. *See* Dkt. No. 21-4 at ¶¶ 44-49. Both trespass to try title and suit to quiet title claims are subject to four-year statute of limitations. *See Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618 (Tex. 2007) (a four-year statute of limitations controls suits to quiet title if a deed is voidable)*; Garcia v. Garza*, 311 S.W.3d 28, 44 (Tex. App. – San Antonio 2010, pet. denied) (a four-year statute of limitations applies to the trespass to try title and quiet title actions.). Therefore, Plaintiffs were required to assert these claims by 2010.

Further, Plaintiffs have not alleged sufficient facts to support a trespass to try title or suit to quiet title action. In support of either cause of action, Plaintiffs must allege that they tendered "whatever amount is owed on the note" in order to reclaim title to a property in foreclosure. *Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quiet title action); *Willoughby v. Jones*, 251

S.W.2d 508, 510 (Tex. 1952) (trespass to try title action). In this case, Plaintiffs do not plead that they have tendered the balance of what is owed on the Note or even made regular payments toward that end. Likewise, Plaintiffs' "failure to establish [their] own superior right to the property, such as by pleading that [they were] current on [their] mortgage payments, also renders [their proposed] quiet title claim defective." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014). Therefore, Plaintiffs would be unable to prevail under a trespass to try title or quiet title action.

Because it would be futile for Plaintiffs to amend their Petition to include trespass to try title and suit to quiet title claims, the Court should not grant them leave to do so.

Plaintiff Harold McGee is also judicially estopped from asserting the proposed claims for suit to quiet title and trespass to try title. In 2009, Plaintiff Harold McGee filed a voluntary Chapter 13 Bankruptcy Petition in the Northern District of Texas. *See* Dkt. No. 6 at App. 027-035. In his Bankruptcy Schedule, Harold McGee declared, under penalty of perjury, the Property as an asset, *see id.* at App. 044, and CMI as a known creditor, *see id.* at App. 052. But Harold McGee did not list any contingent or unliquidated claims against Defendants. *See id.* at App. 043-092. Harold McGee subsequently converted his case to a Chapter 7 bankruptcy proceeding on February 7. 2013. *See id.* at App. 036-39. On May 14, 2013, Harold McGee received a discharge of debt. *See id.* at App. 041.

Judicial estoppel is an affirmative defense. *See EEOC v. Rock–Tenn Servs. Co.*, 901 F. Supp. 2d 810, 829 (N.D. Tex. 2012). Although dismissal under Rule 12(b)(6) is

ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings. *See U.S., ex rel. Long v. GSDMIdea City, L.L.C.*, ___ F.3d ___, 2015 WL 4771063, at *5 (5th Cir. Aug. 13, 2015); *Harris v. Rivera*, No. 3:11-cv-3013-D, 2013 WL 246709, at *5 (N.D. Tex. Jan.23, 2013); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) ... when [an] affirmative defense clearly appears on the face of the complaint.")."The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc). The purpose of this doctrine "is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Wakefield*, 293 B.R. 372, 378 (N.D. Tex. 2003) (internal quotation marks and brackets omitted). In the bankruptcy context, "judicial estoppel must be applied in such a way as to deter dishonest debtors whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors." *Reed*, 650 F.3d at 574.

Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* The United States Court of Appeals for the Fifth Circuit has held that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to

a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

Harold McGee's current legal position is inconsistent with his prior legal position. "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*" *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 197, 207-08 (5th Cir. 1999); emphasis added). Further, the "obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one." *Jethroe*, 412 F.3d at 600. "Accordingly, if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met." *Johnson v. Deutsche Bank Nat. Trust Co.*, No. 3:12-cv-3542-L, 2013 WL 3810715, at *8 (N.D. Tex. July 23, 2013). Mr. McGee's Bankruptcy Schedule, which required disclosure of "contingent and unliquidated claims of every nature," clearly represented to the Bankruptcy Court that he had no contingent or unliquidated claims against Defendants. *See* Dkt. No. 6 at App. 043-092.

Thus, his pursuit of this above-styled action and proposed amended claims in this Court is plainly inconsistent with his position before the Bankruptcy Court. And Mr. McGee has failed to provide any response to refute this conclusion.

The Bankruptcy Court accepted his prior legal position. "Courts have consistently held that a bankruptcy court accepts a debtor's position when it relies on

his asset schedules and confirms his bankruptcy plan. This reliance need not be explicit; the court assumes reliance on the debtor's schedules when the bankruptcy court confirms the debtor's plan." *Abreu v. Zale Corp.*, No. 3:12-cv-2620-D, 2013 WL 1949845, at *3 (N.D. Tex. May 13, 2013) (citing *Jethroe*, 412 F.3d at 600). Mr. McGee's bankruptcy plan was confirmed by the Bankruptcy Court, which undoubtedly considered and relied upon his Bankruptcy Schedule. *See* Dkt. No. 6 at App. 041. Thus, Mr. McGee's position in his Bankruptcy Schedule, that he had no contingent or unliquidated claims, has been accepted by a court.

Finally, Mr. McGee's nondisclosure was not, as a matter of law, inadvertent. "In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *Coastal Plains*, 179 F.3d at 210). Mr. McGee did not lack knowledge of these claims at the time of his bankruptcy. "A plaintiff has knowledge of a claim whenever [he] knows the facts that give rise to the claim." *Abreu*, 2013 WL 1949845, at *3 (citing *Jethroe*, 412 F.3d at 601). In fact, "if the debtor has enough information prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *Coastal Plains*, 179 F.3d at 208 (citation omitted). Mr. McGee certainly had knowledge of the facts giving rise to his proposed claims for quiet title and trespass to try title because they are based on an assignment that occurred in 2006 – three years before he filed bankruptcy.

But Mr. McGee failed to disclose these claims at any time prior to the confirmation of his bankruptcy plan, which occurred on May 14, 2013. These facts establish that Mr. McGee did not lack knowledge of his undisclosed claims prior to confirmation of his bankruptcy plan. Mr. McGee also had motive to conceal his undisclosed claims. "[T]he motivation element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Love*, 677 F.3d at 262. Mr. McGee seeks punitive money damages from Defendants. *See* Dkt. No. 21-4 at Prayer. Therefore, he would have certainly experienced a financial benefit if he prevailed and obtained punitive money damages without having accounted for any claims in his bankruptcy case.

For these reasons, accepting as true all of the factual allegations in Plaintiffs' pleading and the judicially noticeable facts contained in the relevant bankruptcy filings, CMI has established the affirmative defense of judicial estoppel, which bars Mr. McGee from asserting the above-styled action and the proposed additional claims for suit to quiet title and trespass to try title.

### Recommendation

The Court should grant Defendants' Motions to Dismiss [Dkt. Nos. 5 & 9] and dismiss Plaintiffs' claims against Defendants CitiMortgage, Inc., Government National Mortgage Association, and CTX Mortgage Company LLC with prejudice and deny Plaintiffs leave to amend their Petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1417 (5th Cir.1996).

DATED: September 16, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE