## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **HAROLD MCGEE and ROSETTA MCGEE,** | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-1746-L** |
| | § | |
| **CTX MORTGAGE COMPANY, LLC; CITIMORTGAGE, INC.; BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is *pro se* Plaintiffs Harold and Rosetta McGee's ("Plaintiffs") Objection to Notice of Removal[*] ("Motion to Remand") (Doc. 14), filed June 22, 2015.  This motion was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on August 24, 2015, recommending that the court deny Plaintiffs' Motion to Remand, dismiss Defendant Barrett Daffin Frappier Turner & Engel, LLP from the action with prejudice as improperly joined, and deny as moot Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion to Dismiss.  No objections

---

[*] The court treats *pro se* Plaintiffs' "Objection to Notice of Removal" as a Motion to Remand, as the Plaintiffs are contending that the action should not have been removed because the cause of action does not satisfy the amount in controversy required for a diversity proceeding.

**Memorandum Opinion and Order - Page 1**

were filed to the Report.  For the reasons stated herein, the court **accepts** the Report **in part** and **rejects** the Report **in part**.

While the court agrees with Magistrate Judge Horan's final conclusion, it does so for different reasons herein stated.  The Report correctly determines that Defendant Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE") was improperly joined to the action.  The court disagrees with the Report's conclusion that there was complete diversity after BDFTE was dismissed.  Once a court determines that a party has been improperly joined, the citizenship of that party must be disregarded to determine whether diversity of citizenship exists.  *Johnson v. Heublein*, 227 F.3d 236, 240 (5th Cir. 2000).  Accordingly, there is complete diversity of citizenship despite BDFTE 's presence as a party to the action.

The court also disagrees that BDFTE's Motion to Dismiss is moot solely because the party was improperly joined.  *Moreno Energy, Inc. v. Marathon Oil Co.* does not support the position taken by the magistrate judge that an improperly joined party must be dismissed with prejudice. 884 F. Supp. 2d 577 (S.D. Tex. 2012).  The statement relied on in the Report is at most dicta, as there in no legal authority to support it. *Id.* Further, the Fifth Circuit has previously stated that improperly joined parties do not have to be dismissed solely because they are improperly joined. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 218 n.21 (5th Cir. 1995) ("This is not to say that such defendants must be dismissed, for the district court presumably had jurisdiction *in personam* over the fraudulently joined parties.")  If a party is improperly joined in a diversity action, two things can take place:  (1) The nondiverse party can move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or for some other dispositive reason; or (2) the district

**Memorandum Opinion and Order - Page 2**

court may *sua sponte* move to dismiss the nondiverse party and allow the plaintiff a reasonable amount of time to respond to its *sua sponte* motion. Here, BDFTE's Motion to Dismiss and Brief in Support (Doc. 8) is pending and should be addressed on the merits.

Defendant Barrett Daffin Frappier Turner & Engel, LLP moves for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). BDFTE contends that there is no connection between the pleaded facts and Plaintiffs' causes of action. BDFTE also contends that it has qualified immunity, and therefore, Plaintiffs' claims are barred. In Texas, "attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (internal citations and quotations omitted). A law firm is entitled to summary judgment based on the attorney-immunity defense if its conduct was within the scope of its legal representation. *Id.* at 484. Qualified immunity from civil liability to non-clients for actions in connection with representing a client promotes "zealous representation" of one's clients. *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.—Houston [1st Dist.] 1994). Here, BDFTE assisted its client with the initiation of foreclosure proceedings, conduct that is well within the scope of its legal representation. Accordingly, qualified immunity is appropriate, and BDFTE's Motion to Dismiss should be granted.

In response to BDFTE's Motion to Dismiss, Plaintiffs did not request to amend their pleadings in the event the court determined that they failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's

**Memorandum Opinion and Order - Page 3**

pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).  In this case, it would be futile to allow Plaintiffs to amend their pleadings.  As previously discussed, Texas courts have held that suits against law firms arising from actions in connection with representation of a client are barred by qualified immunity.  Moreover, in light of the qualified immunity defense, allowing Plaintiffs to amend unnecessarily delays resolution of this action insofar as BDFTE is concerned.  Accordingly, the Plaintiffs' claims against BDFTE are dismissed with prejudice.

Having reviewed the pleadings, file, record in this case, Report, and for the reasons stated herein, the court **accepts** the Report **in part** and **rejects** the Report **in part**.  The court **accepts** the Report to the extent that it determines Plaintiffs' Motion to Remand should be denied.  The court **rejects** the Report insofar as it recommends that BDFTE be dismissed because it was improperly joined and, therefore, dismiss BDFTE's motion as moot.

Accordingly, the court **denies** Plaintiffs' Motion to Remand (Doc. 14), filed June 22, 2015, and **grants** Defendant Barrett Daffin Frappier Turner & Engel, LLP's Motion to Dismiss for Failure to State a Claim (Doc. 8).  Plaintiffs' claims against Defendant Barrett Daffin Frappier

**Memorandum Opinion and Order - Page 4**

Turner & Engel, LLP are **dismissed with prejudice**.  Pursuant to Rule 58(a) of the Federal Rules

of Civil Procedure, the court will enter judgment by separate document.

      **It is so ordered** this 16th day of November, 2015.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 5**