IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HAROLD MCGEE and ROSETTA MCGEE,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:15-CV-1746-L |
| **CTX MORTGAGE COMPANY, LLC; et al.,** | § § § § | |
| Defendants. | § § | |

# ORDER

Before the court are Defendants CitiMortgage, Inc. ("CMI") and Government National Mortgage Association's ("GNMA") Motion to Dismiss Plaintiffs' Complaint (Doc. 5), filed June 1, 2015; and Defendant CTX Mortgage Company, LLC's ("CTX") (collectively "Defendants") Motion to Dismiss (Doc. 9), filed June 11, 2015.  For the reasons herein stated, the court **grants** Defendants' Motions to Dismiss.

Plaintiffs' originally filed this action on May 4, 2015, in state court against Defendants. The action was removed to federal court on May 20, 2015.  Plaintiffs' claims arise from the initiation of foreclosure proceedings of their property located at 1028 Cavern Drive, Mesquite, Texas 75181.  Plaintiffs assert claims for breach of contract, slander of title, void assignment of interest and assignment of the note, and fraud, and they seek declaratory relief.

On June 1, 2015, Defendants CMI and GNMA filed their Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil 12(b)(6), and on June 11, 2015, Defendant CTX filed

its Motion to Dismiss pursuant to Federal Rule of Civil 12(b)(6). The motions were referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on September 16, 2015, recommending that the court grant Defendants' Motions to Dismiss. Plaintiffs filed two objections to the Report on October 1, 2015. On October 14, 2015, Defendants filed their responses. The court **overrules** both objections.

Plaintiffs' first object to the finding that their action is barred by the statute of limitations. Plaintiffs contend that the magistrate judge erred because he failed to consider the continuing tort doctrine, and discovery rule defenses to the statute of limitations. The court agrees with the magistrate judge that Plaintiffs' slander of title, breach of contract, and fraud claims are barred by the statute of limitations. Plaintiffs have not pleaded any defenses to the statute of limitations or sufficient facts to toll the statute of limitations. Accordingly, this objection is **overruled**.

Plaintiffs' next object to the finding that they do not have standing to challenge the assignment between CTX and CMI because they are not a party to the assignment. The court agrees with the magistrate judge that Plaintiffs do not have standing to challenge the assignment. Plaintiffs contend that the assignment is void because it is fraudulent. As the magistrate judge correctly finds, such an allegation would only render the deed voidable, not void. Report 7. Plaintiffs' objections actually point to case law that confirms the magistrate judge's finding. *See Rivera v. CitiMortgage, Inc.*, 2013 WL 1294009, *2 (N.D. Tex. Apr. 1, 2013) ("A debtor has standing to challenge an assignment on any ground [that] renders the assignment void, but may not defend on any ground [that] renders the assignment voidable only." (internal citations and quotations omitted)). Accordingly, the court **overrules** this objection.

**Order - Page 2**

After careful consideration of the pleadings, file, Report, objections and responses, the court **determines** that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendants CMI and GNMA's Motion to Dismiss Plaintiff's Complaint, and **grants** Defendant CTX Motion to Dismiss, and **dismisses** Plaintiffs' claims **with prejudice**. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

**It is so ordered** this 16th day of November, 2015.

*[signature]*
Sam A. Lindsay
United States District Judge