IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD AND ROSETTA MCGEE, | § § | |
| Plaintiffs, | § § | |
| V. | § § | |
| CTX MORTGAGE COMPANY, LLC; CITIMORTGAGE, INC.; BARRETT, DAFFIN, FRAPPIER, TURNER & ENGEL, LLP; GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, | § § § § § § § § | No. 3:15-cv-1746-L |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Harold and Rosetta McGee ("Plaintiffs"), appearing *pro se*, have filed a Motion for Reconsideration (the "Motion"). *See* Dkt. No. 30. United States District Judge Sam A. Lindsay referred the Motion to the undersigned United States magistrate judge. *See* Dkt. No. 33. Defendants CitiMortgage, Inc. ("CMI"), Government National Mortgage Association ("GNMA"), and CTX Mortgage Company, LLC ("CTX") have responded. *See* Dkt. Nos. 31 & 32.

The undersigned issues the following findings of fact, conclusions of law, and recommendation that Plaintiffs' Motion for Reconsideration [Dkt. No. 30] should be denied.

**Background**

Plaintiffs filed their Original Petition for Declaratory Judgment asserting

affirmative claims for slander of title, breach of contract, fraud, and void assignment against Defendants CTX, CMI, and GNMA (collectively, "Defendants"). *See* Dkt. No. 1-4 at ¶¶ 41-61. Plaintiffs also asserted claims against Defendant Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin"), but the Court dismissed these claims, with prejudice, because Barrett Daffin has qualified immunity from this suit. *See* Dkt. No. 27 at 3.

Plaintiffs' void assignment claim is based on an assignment between CTX and CMI. *See id.* at ¶¶ 31-32, 50-52. The assignment was recorded on January 12, 2006 and signed by Tamara Jones, a CTX representative. *See* Dkt. No. 11 at 020-21. Defendants moved to dismiss Plaintiffs' claims, *see* Dkt. Nos. 5, 9, and the undersigned entered Findings, Conclusions, and Recommendation recommending that the Court grant Defendants' motions to dismiss because Plaintiffs' slander of title, breach of contract, and fraud claims were time-barred and because Plaintiffs did not have standing to challenge the assignment between CTX and CMI. *See* Dkt. No. 23 at 5-6.

Plaintiffs objected to the undersigned's findings on the basis that (1) the undersigned did not consider the continuing tort doctrine and discovery rule and (2) the undersigned concluded that Plaintiffs did not have standing to challenge the assignment. *See* Dkt. No. 24 at 3-6.

On November 16, 2015, the Court entered an order and corresponding judgment accepting the undersigned's Findings, Conclusions, and Recommendation. Dkt. Nos. 28 and 29. The Court agreed "that Plaintiffs' slander of title, breach of contract, and fraud claims are barred by the statute of limitations" and expressly overruled

Plaintiffs' objections that the undersigned "failed to consider the continuing tort doctrine, and discovery rule defenses to the statute of limitations." Dkt. No. 28 at 2. The Court also overruled Plaintiffs' objection to the undersigned's finding that they do "not have standing to challenge the assignment between CTX and CMI because they are not a party to the assignment." *Id*.

On December 10, 2015, Plaintiffs moved to reconsider the November 2015 order and judgment. *See* Dkt. No. 30 at ¶ 1. In their Motion, Plaintiffs reiterate their objection that the continuing tort doctrine and discovery rule toll limitations on their slander of title, breach of contract, and fraud claims. *See id*. at ¶¶ 1,3, 6; *see also* Dkt. No. 24 at ¶¶ 6-12. Plaintiffs also restate that "the record demonstrates [that] somehow, some way, a proper transfer/assignment of the loan was never accomplished according to Texas Local Government Code § 192.007(a) which declares that any transfer or assignment of the recorded deed of trust must also be recorded in the office of the clerk of court." Dkt. No. 30 at ¶ 14; *see also* Dkt. No. 24 at ¶ 16. Plaintiffs further contend that "there is no assignment to [GNMA and therefore their] injury was inherently undiscoverable." Dkt. No. 30 at ¶ 9. Although Plaintiffs admittedly "did not state forgery in their complaint," they now appear to assert forgery as a basis for their void assignment claim. *Id*. at ¶ 11. Plaintiffs also now allege that the assignment between CTX and CMI is void because Tamara Jones "had no knowledge of the note and Deed of Trust at the time she signed the Assignment." *Id*. at ¶ 11.

**Legal Standards**

A motion asking the court to reconsider a prior ruling is evaluated either as a

motion to "alter or amend a judgment" under Federal Rule of Civil Procedure 59(e) or as a motion for "relief from a final judgment, order, or proceeding" under Federal Rule of Civil Procedure 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (*citing Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003)). The rule under which the motion is considered is based on when the motion was filed. *See id*. If the motion was filed within 28 days after the entry of the judgment, the motion is treated as filed under Rule 59, and, if it was filed outside of that time period, it is analyzed under Rule 60. *See id.*; *see also* FED. R. CIV. P. 59(b), 60(c). Plaintiffs filed their Motion 24 days after the Court entered its judgment, and so Rule 59(e) governs.

Rule 59(e) allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982). It allows reconsideration of a judgment where a party shows a need to: (1) correct a clear error of law or prevent manifest injustice; (2) present newly discovered evidence; or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Although district courts have discretion as to whether or not to reopen a case under Rule 59(e), that discretion is not unlimited. The United States Court of Appeals for the Fifth Circuit has "identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the district

court is to strike the proper balance between these competing interests." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, "[i]t is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)," *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000), but "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, and Rule 59(e) cannot be used to relitigate old matters, raise arguments or legal theories that could, and should, have been made before the judgment issued, or rehash evidence, *see id.*; *Rosenzweig*, 332 F.3d at 863. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## Analysis

Reconsideration is not justified in this case. Plaintiffs' Motion does not mention any clear error of law, present newly discovered evidence, or reflect an intervening change in controlling law from the time that the Court entered its judgment on November 16, 2015. *See* Dkt. No. 30; *Schiller*, 342 F.3d at 567 ("Motions ... to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence."). Instead, the Motion merely rehashes Plaintiffs' objections to the undersigned's Findings, Conclusions, and Recommendation and proposes arguments that do not support reconsideration.

Plaintiffs' Motion is, in the main, an impermissible attempt to relitigate their objections. Plaintiffs objected to the undersigned's findings that their slander of title,

breach of contract, and fraud claims are time-barred. *See* Dkt. No. 24 at ¶ 6. Plaintiffs also objected to the undersigned's conclusion that they lack standing to assert their void assignment claim, which is based on an assignment between CTX and CMI. *See id.* at ¶ 13. The Court overruled these objections. *See* Dkt. No. 28 at 2. Plaintiffs now move for reconsideration by repeating, verbatim, the case law and arguments that the Court previously overruled. *Compare* Dkt. No. 30 at ¶¶ 1-6, *with* Dkt. No. 24 at ¶¶ 7-12 (statute of limitations); *compare* Dkt. No. 30 at ¶¶ 10, 13-14, *with* Dkt. No. 24 at ¶¶ 14-16 (standing). The Court should not reconsider a matter when the movant merely reiterates arguments that were "already before the district judge when he entered judgment." *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989); *see also Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, Civ. A. No. 98-2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) ("A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court.").

Plaintiffs' additional arguments do not warrant amendment of the Court's November 2015 judgment. Plaintiffs assert that "there is no assignment to [GNMA], in this matter," and that, "[t]herefore, Plaintiffs' injury was inherently undiscoverable." Dkt. No. 30 at ¶ 9. But Plaintiffs' claims are not based on any assignment involving GNMA, *see* Dkt. No. 1-4, so discovery of such an assignment, or lack thereof, would not toll limitations for their time-barred claims. The Court should not amend its judgment, under Rule 59(e), for arguments that do not alter the outcome of the case or the Court's prior determination. *See Rhodes v. Wells Fargo Bank*, N.A., 3:10-cv-2347-L, 2013 WL

2090307, at *15 (N.D. Tex. May 14, 2013) (denying a motion for reconsideration, in part, because the movant's contention did not alter the outcome of the case.).

The Motion also includes new bases for Plaintiffs' void assignment claim. Plaintiffs now allege that Tamara Jones' signature was forged and that she otherwise "had no knowledge of the note and Deed of Trust at the time she signed the Assignment." Dkt. No. 30 at ¶ 11. These allegations could have been raised prior to the Court's 2015 entry of judgment because they are based on an assignment that was recorded in 2006 – more than nine years before judgment was entered. *See* Dkt. No. 1-4 at ¶¶ 31, 50-53; Dkt. No. 11 at 20-21. Rule 59(e) is not the proper vehicle to raise arguments which could, and should, have been made before the judgment issued. *See Templet*, 367 F.3d at 479; *Rosenzweig*, 332 F.3d at 863.

And, even if the Court considered these allegations, Plaintiffs provide no facts that should persuade the Court to alter its decision regarding their lack of standing. First, Jones's alleged lack of personal knowledge regarding the note and deed of trust would not render the assignment void and, thus, afford Plaintiffs standing. *See Rivera v. CitiMortgage, Inc.*, 3:12-cv-3404-D, 2013 WL 1294009, at *3 (N.D. Tex. Apr. 1, 2013) (reasoning that argument regarding signatory's alleged lack of personal knowledge of events and conditions documented in the assignment would not render the assignment void.). Further, while non-parties have standing to challenge forged assignments, forgery occurs when the signatory did not actually sign the document. *See Hawk v. Deutsche Bank Nat'l Trust Co.*, 3:15-cv-1784-D, 2015 WL 8164779, at *3 (N.D. Tex. Dec. 8, 2015) (holding that Plaintiffs lacked standing to challenge an assignment, even

though they alleged the assignment was forged, because they did not present any facts showing that the signatory did not actually sign the assignment or that his signature was applied without his permission). Here, Plaintiffs admit that Jones signed the assignment, which conclusively undermines any assertion that her signature was forged. *See* Dkt. No. 30 at ¶ 11 (Jones "had no knowledge of the note and Deed of Trust at the time she signed the Assignment").

The Court should deny reconsideration because Plaintiffs' new arguments do not show that they have standing to assert their void assignment claim. *See Rhodes*, 2013 WL 2090307, at *10, *15 (considering movants' argument, which was first raised in their motion for reconsideration, but declining to amend the judgment because the new argument did not alter the outcome of the action).

**Recommendation**

The Court should deny Plaintiffs' Motion for Reconsideration [Dkt. No. 30] because it is not based on a clear error of law, an intervening change of law, or newly discovered evidence. Plaintiffs' Motion simply attempts to relitigate their objections and introduce arguments that do not alter or could have been raised prior to judgment.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b) (2015). In order to be sufficiently specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the

objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 22, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE