**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HAROLD MCGEE and ROSETTA** | § | |
| **MCGEE** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:15-CV-1746-L** |
| | § | |
| **CTX MORTGAGE COMPANY, LLC;** | § | |
| **CITIMORTGAGE, INC.;** | § | |
| **BARRETT DAFFIN FRAPPIER** | § | |
| **TURNER & ENGEL, LLP;** | § | |
| **GOVERNMENT NATIONAL** | § | |
| **MORTGAGE ASSOCIATION,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the court is *pro se* Plaintiffs Harold and Rosetta McGee's ("Plaintiffs" or the "McGees") Motion for Reconsideration (Doc. 30), filed December 10, 2015.  This motion was referred to Magistrate Judge David L. Horan who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") on April 22, 2016, recommending that the court deny Plaintiffs' motion. Plaintiffs filed their objections to the report on May 6, 2016.  Defendants CitiMortgage, Inc. ("CMI") and Government National Mortgage Association ("GNMA") filed Defendants' Response to Plaintiffs Objections to Magistrate Judge's Report and Recommendations on May 19, 2016.  On May 24, 2016, Defendant CTX Mortgage Company LLC ("CTX") filed its Joinder with Defendants' Response to Plaintiffs' Objection to Magistrate Judge's Report and Recommendations.

Plaintiffs seek reconsideration of the court's November 16, 2015 order and judgment (Docs. 28 & 29) accepting the finding and conclusions of Magistrate Judge David L. Horan, granting Defendants CMI and GNMA's Motion to Dismiss Plaintiffs' Complaint and Defendant CTX's Motion to Dismiss, and dismissing this action with prejudice.  Plaintiffs style their postjudgment motion as a "Motion for Reconsideration."  "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba." Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994). The Fifth Circuit has consistently stated, however, "that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment under Rule 60(b).'" *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990). Rule 59(e) applies to motions filed within 28 days of the ruling sought to be modified, whereas Rule 60(b) applies to later-filed motions. *Texas A & M Research Found. v. Magna Transp., Inc.,* 338 F.3d 394, 400 (5th Cir. 2003).  Plaintiffs seek relief under Rule 60(b); however, they filed their motion twenty-four days after the entry of the judgment.  As Plaintiffs' are *pro se*, the court will liberally construe the motion as seeking relief pursuant to Rule 59(e) and analyze their motion under Rule 59(e).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted).  Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted).  It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).  A Rule 59(e) motion may not raise arguments

or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiffs' motion is a near verbatim attempt to relitigate objections that were overruled by the court in its November 15, 2015 order. Plaintiffs' objections to the Report belatedly request to amend the pleadings. The court has reviewed its ruling and is convinced that no manifest errors of law or fact have been established by the McGees. The court concludes that its ruling was correct with respect to the law and the facts as related to the pleadings. Further, the McGees point to no

Order - Page 3

intervening change in the law applicable to the issues in this case.  The court also notes that any attempted amendment to Plaintiffs' pleadings would not only have been futile but would have also unnecessarily delayed the resolution of the action.  Plaintiffs' motion and objections to the Report are simply an effort to relitigate issues that were resolved to their dissatisfaction.

Having reviewed the file, record in this case, Report, and conducted a de novo review of the portion of the Report to which Petition objects, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiffs' objections and **denies** Plaintiffs' Motion for Reconsideration.

**It is so ordered** this 8th day of June, 2016.

Sam A. Lindsay
United States District Judge

**Order - Page 4**